IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRED CABRERA, #A0114810, | ) | CIV. NO. 17-00367 DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | IN PART WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| BENJAMIN HUBMER, OCCC CO, | ) | |
| OCCC WARDEN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND

Before the court is pro se Plaintiff Fred Cabrera's prisoner civil rights Complaint. ECF No. 1. Cabrera is incarcerated at the Halawa Correctional Facility ("HCF") but complains of events that allegedly took place at the Oahu Community Correctional Center ("OCCC"). Cabrera claims that Defendants Benjamin Hubmer, "OCCC CO" (correctional officer), and OCCC Warden violated his rights under the Eighth Amendment during an alleged assault that occurred at OCCC on or about June 22, 2017. For the following reasons, the Complaint is DISMISSED IN PART with leave granted to amend.

## I. CABRERA'S CLAIMS[1]

Cabrera alleges that an unidentified OCCC CO ordered him to help move Hubmer, allegedly an OCCC "mental-health detainee," from one cell to another on June 22, 2017. Compl., ECF No. 1, PageID #5. He claims that Hubmer struck him several times in the stomach and chest during this cell transfer, while COs Manuel Tavares and Sergeant Anderson stood nearby but failed to intervene.[2] Cabrera asserts that the OCCC Warden failed to properly train the unidentified OCCC CO. He alleges that Defendants acted with negligence and/or deliberate indifference to his safety when they failed to protect him from Hubmer's alleged assault, violating his rights under the Eighth Amendment. He seeks $1 million in damages.

## II. SCREENING

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

---

[1]The court accepts Cabrera's allegations of material facts as true and construes them in the light most favorable to him. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[2]Cabrera does not name Tavares and Anderson as Defendants.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

To determine whether a complaint states a claim for screening purposes, the court applies the same pleading standard from Federal Rules of Civil Procedure ("FRCP") Rule 8 as it would to evaluate a motion to dismiss under FRCP 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court must decide whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted). The task is context-specific and requires the Court "to draw on its judicial experience and common sense." *Id.* at 679.

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v.*

*Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A. Inmate Benjamin Hubmer is Dismissed

Cabrera fails to allege any facts explaining how Hubmer, a fellow inmate, was acting under color of state law when he allegedly attacked Cabrera, and the court cannot plausibly infer this from the facts as alleged. Hubmer and the claims against him are DISMISSED without prejudice.

### B. Official Capacity Defendants are Dismissed

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quotation omitted); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Any claims that Cabrera may have for injunctive relief are moot because he is no longer incarcerated at OCCC, and there is no indication that he might return. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (stating

prisoner's claims for injunctive relief generally become moot upon transfer); *Holt v. Stockman*, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin). All Defendants named in their official capacities are DISMISSED.

## C. Eighth Amendment - Failure to Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and quotations omitted). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (citation omitted). To establish a prison official's violation of this duty, a prisoner must first establish that the deprivation alleged is 'objectively, sufficiently serious." *Id.* at 834; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). This is a question of fact that must be "decided by the jury if there is any room for doubt." *Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1075-76 (9th Cir. 2013) (citation omitted).

Second, the prisoner must establish that prison officials "'knew of and disregarded' the substantial risk of harm," even if such harm was not intended, because "'it is enough that the official acted or failed to act despite his knowledge

of a substantial risk of serious harm.'" *Id.* at 1074 (quoting *Farmer*, 511 U.S. at 837.

### 1. *OCCC Warden*

The unidentified OCCC Warden may not be held liable for the conduct of his subordinate employees simply because he is the warden. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire*, 726 F.3d at 1074-75. Such claims allege vicarious or respondeat superior liability only, which is not cognizable under § 1983. *See Iqbal*, 556 U.S. at 676. Supervisors are individually liable under § 1983 "if there exists either (1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

A supervisor's causal connection between wrongful conduct and the violation of a prisoner's constitutional rights can be established in several ways, such as the supervisor's setting in motion or failing to terminate a series of acts by others that the supervisor knew or should have known would inflict constitutional injury, or instituting an improper policy or procedure. *Starr*, 652 F.3d at 1208. A plaintiff must also show that the supervisor had the requisite state of mind to

7

establish liability. This turns on the requirement of the particular claim – and, more specifically, on the state of mind required by the particular claim – not on a generally applicable concept of supervisory liability. *Or. State Univ. Student All. v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

Cabrera alleges no facts showing the OCCC Warden's personal involvement in the alleged assault. He simply concludes that, because the OCCC CO or COs ordered him to participate in a potentially dangerous situation and failed to assist him when he was attacked, the OCCC Warden improperly trained them. This speculative conclusion is insufficient to state a claim. Claims against the unidentified OCCC Warden are DISMISSED.

### 2. OCCC CO

Cabrera states a plausible claim against the unidentified OCCC CO (or COs) for deliberate indifference to his safety in violation of the Eighth Amendment, for allegedly ordering him to assist in Hubmer's transfer to another cell and then standing by and allegedly allowing Hubmer to assault him.

The Complaint cannot be served, however, until at least one OCCC CO is identified by name and the Complaint is amended to reflect this substitution. *See Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980) (noting that "doe" pleadings are generally disfavored in the federal courts due to the nearly

impossible task of serving unidentified defendants). Unknown defendants may be included in a complaint when their identities are unknown prior to the filing of the complaint and they may later be identified through discovery. *Id.*; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding plaintiff should be given an opportunity to identify unknown defendants, unless it is clear that discovery would not uncover their identities, or that the complaint will be dismissed on other grounds) (citing *Gillespie*, 629 F.2d at 642); *cf. Long v. Makua*, No. 1:16-cv-00372-DKW-RLP (D. Haw. 2016), ECF No. 5 (granting plaintiff expedited discovery to identify CO John Does); *Cobbler Nevada, LLC v. Gonzales*, 2016 WL 3392368, at *3 (D. Or. June 8, 2016) (granting plaintiff's motion to issue a subpoena to a non-party pursuant to Fed. R. Civ. P. 45, to enable plaintiff to identify the only defendant).

## IV.  **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend on or before September 29, 2017 to cure its deficiencies and identify Defendant OCCC CO(s). Cabrera is notified that he must submit any amended complaint on court forms. Local Rule LR99.7.10(a). An amended complaint generally supersedes the previous complaint and should stand on its own without incorporation or reference to a previous pleading. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th

Cir. 2012) (en banc). Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

**IN THE ALTERNATIVE:**

Cabrera may notify the Court in writing on or before September 29, 2017, that he elects to stand on his claims against the OCCC CO or COs and voluntarily dismisses his remaining claims against the other Defendants. **IF** Cabrera chooses this option, the Court will open early discovery for a period of **forty-five [45] days** as calculated from the date he notifies the court of this decision. Cabrera may then submit a motion to subpoena a non-party, such as the Hawaii Department of Public Safety or HCF prison officials who can identify who was present during the altercation at OCCC on June 22, 2017, and respond to interrogatories designed to identify the OCCC CO or COs named in the Complaint. The motion shall explain the steps Cabrera has taken to identify the OCCC CO and include the proposed interrogatories. Cabrera is NOTIFIED that he is responsible for identifying the OCCC CO or COs, amending his pleadings to substitute the actual identity of the unknown CO (or COs), and requesting the court to issue a summons and direct

10

service upon them. He is cautioned that "authorities clearly support the proposition that John Doe defendants must be identified and served within [90] days of the commencement of the action," and his action may be dismissed for failure to timely effect service, unless he can show good cause for his failure to timely serve them.[3] *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill.1995) (citing *Gillespie*, 629 F.2d at 643); Fed. R. Civ. P. 4(m) & 15(c)(1).

## V. CONCLUSION

(1) The Complaint is DISMISSED IN PART for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Specifically, claims for injunctive relief are dismissed with prejudice and claims against Defendants Benjamin Hubmer and OCCC Warden are dismissed with leave to amend.

(2) Cabrera's claims against the OCCC CO state a cognizable claim for relief and shall be served *after* Cabrera submits an amended complaint that sufficiently identifies this Defendant, so that the U.S. Marshal can perfect service of process.

---

[3] Because prisoner complaints must be screened before service, service is generally not required until 90 days after the court finds the pleading states a claim and directs the U.S. Marshal or prisoner to effect service. *See e.g.*, *Long v. Does*, 2016 WL 3983226, at *4 (D. Haw. July 25, 2016); *Warren v. Ruffcorn*, 2001 WL 34043449, at *3 (D. Or. Sept. 18, 2001).

(2) Cabrera is granted leave to file an amended complaint on or before September 29, 2017 that cures the Complaint's deficiencies. Failure to timely and adequately amend the Complaint will result in the DISMISSAL of this action.

(3) IN THE ALTERNATIVE, Cabrera may notify the Court on or before September 29, 2017, that he elects to stand on his claims against OCCC CO or COs and voluntarily dismisses the remaining claims and Defendants. If Cabrera chooses this option, the Court will open early discovery for **forty-five days**, as discussed above, calculated from the date Cabrera files this notice.

(4) The Clerk is DIRECTED to send Cabrera a blank prisoner civil rights complaint so that he can comply with the directions of this Order.

IT IS SO ORDERED.

DATED: August 25, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Fred Cabrera v. Benjamin Hubmer, et al.*; Civil No. 17-00367 DKW-KJM;
**ORDER DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND**

*Cabrera v. Hubmer*, 1:17-cv-00367 DKW-KJM; Scrng 2017 Cabrera 17-367 (dsm in part allow time to name Doe)