IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRED CABRERA, #A0114810, | Civ. No. 1:17-cv-00367 DKW-KJM |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| BENJAMIN HUBMER, *et al.*, | |
| Defendants. | |

Before the Court is pro se Plaintiff Fred Cabrera's Motion for Relief of Summary Judgement and Dismiss Without Prejudice Order and Motion to Re-open Case (Motion for Reconsideration). Mot., ECF No. 48. Cabrera seeks reconsideration of the July 6, 2018 Order Granting Defendant's Motion for Summary Judgment that was based on Cabrera's failure to exhaust his claim before bringing this action. *See* Order, ECF No. 47. Because the time to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure has passed, the Court review's Cabrera's Motion for Reconsideration pursuant to Rule 60. For the following reasons, Cabrera's Motion for Reconsideration is DENIED.

## I. **BACKGROUND**

Cabrera is now incarcerated at the Saguaro Correctional Center (SCC) in Arizona, but he was incarcerated at the Halawa Correctional Facility (HCF) in

Hawaii when he filed his initial Complaint on July 27, 2017. ECF No. 1. Cabrera alleged that Defendants Malia Anderson and Manny Tavares violated his constitutional rights while he was incarcerated at the Oahu Community Correctional Center (OCCC) several months earlier when they ordered him to assist a mentally ill inmate, who then assaulted Cabrera. Cabrera filed the operative, First Amended Complaint (FAC) on September 20, 2017. ECF No. 7. The Court directed service of the FAC on September 22, 2017, as limited to claims alleged against Defendants Anderson and Tavares in their individual capacities. ECF No. 8.

On April 27, 2018, Anderson and Tavares filed a Motion for Summary Judgment (MSJ) seeking dismissal of the action pursuant to 42 U.S.C. § 1997e(a), for Cabrera's failure to file any grievances relating to his claims. ECF No. 34.

On July 6, 2018, the Court held that Cabrera had failed to exhaust his claims, although he had the opportunity and ability to do so, granted Defendants' MSJ, and entered judgment. ECF Nos. 46 & 47.

On November 2, 2018, Cabrera filed the Motion for Reconsideration.

## II. DISCUSSION

Rule 60(b) "provides for reconsideration upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void

judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted. *See Twentieth Century Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Grandinetti v. Hyun*, 2017 WL 239741, at *1 (D. Haw. Jan. 19, 2017).

Cabrera states that he is untrained in the law and declares, as he did in his Opposition to the MSJ, that he feared retaliation if he filed a grievance while still incarcerated at OCCC, where Tavares and Anderson were employed. He again asserts that he was hampered in his efforts to exhaust his claims once he transferred to SCC. Cabrera submits copies of his three recent attempts to obtain grievance forms at SCC, which would enable him to *now* grieve the incidents that allegedly occurred at OCCC on or about June 22, 2017. *See* Exs. A-C, ECF No. 47-1 (dated October 1, 4, and 10, 2018).

Cabrera's exhibits show that the Department of Public Safety's (DPS) SCC contract monitor, Ms. Bechler, informed Cabrera that: (1) if the incident occurred in Hawaii, as it appeared, he could only *continue* a grievance that had already been initiated in Hawaii; and (2) if the incident occurred "several years" earlier, as it

3

also appeared, the time to file a grievance was likely expired. She told him that he could contact the Ombudsman or a legal representative.

Because Cabrera failed to explain why he feared retaliation at OCCC, or why he was unable to file a grievance while he was housed in HCF for three months before his transfer to SCC, or provide any evidence showing that the grievance process was effectively unavailable to him, the Court rejected Cabrera's exhaustion defenses and granted Defendants' MSJ. *See* ECF No. 46, PageID #199-200. Cabrera's Motion for Reconsideration and declaration provide nothing that refutes this finding.

Moreover, Cabrera's exhibits clarify that he filed *no* grievances regarding his claims before he brought this action to federal court and is only attempting to do so now. Ms. Bechler's explanation that Cabrera cannot grieve an incident that allegedly occurred more than a year and a half ago at OCCC because it is too late, is simply an expression of DPS policy. *See* DPS Policy No. COR.12.03.8.1-2 (stating grievances must be filed within fourteen days of the incident grieved, absent good cause). Cabrera's explanation to her that he cannot sue in federal court without grieving his claims is correct. If those processes were available at the outset as this Court held, however, and are now unavailable due to DPS policy, Cabrera has lost his opportunity to raise these claims in the federal courts.

Cabrera is free to appeal this determination.

Cabrera fails to demonstrate mistake, surprise, excusable neglect, newly discovered evidence, fraud, or extraordinary circumstances that persuade this Court to reconsider its July 6, 2018 Order Granting Defendant's Motion for Summary Judgment. The Motion for Reconsideration (and to reopen the case), Dkt. No. 48, is DENIED.

IT IS SO ORDERED.

DATED: November 7, 2018 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Fred Cabrera v. Benjamin Hubmer, et al.;* Civil No. 17-00367 DKW-KJM; **ORDER DENYING MOTION FOR RECONSIDERATION**